IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY EMMETT, #1383329,          ) | |
|         Petitioner,                     ) | |
| vs.                                                  ) | No. 3:22-CV-2036-N (BH) |
|                                                          ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent.                  ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis,* received October 17, 2022 (doc. 6), should be **DENIED**, and the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on September 19, 2022. (*See* doc. 2.) By *Notice of Deficiency and Order* dated September 23, 2022, he was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 3.) He was ordered to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*) On October 6, 2022, a copy of the petitioner's *Inmate Request for Withdrawal* form was received. (*See* doc. 4.) On October 14, 2022, his request for a 60-day extension of time to pay the filing fee was received. (*See* doc. 5.) On October 17, 2022, his IFP motion was received. (*See* doc. 6.) The attached certificate of inmate trust account was blank and unsigned. (*See id.*)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

The motion for an extension of time to pay the filing fee was granted in part by order dated October 18, 2022, and the petitioner's deadline to pay the filing fee was extended until thirty days from the date of the order. (*See* doc. 7.) By *Notice of Deficiency and Order* also dated October 18, 2022, he was notified that his IFP application did not provide enough information because the required certificate of inmate trust account was not signed. (*See* doc. 8.) He was ordered to either submit a properly signed certificate of inmate trust account or to pay the filing fee within thirty days. (*Id.*) The notice specifically stated that a failure to comply could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*) More than thirty days from the date of that notice have passed, but the petitioner has not paid the fee, filed a properly signed certificate of inmate trust account, or filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner's CTA is blank and unsigned. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, the petitioner was given thirty days to either pay the filing fee or file a properly signed certificate of inmate trust account, and the notice specifically warned that failure to comply could result in the dismissal of his petition. More than thirty days have passed, but he still has not complied with the notice and orders or otherwise responded. Because he failed to comply with the notice of deficiency and orders within thirty days, his petition should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## IV. RECOMMENDATION

The petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court, unless the petitioner either pays the $5 filing fee or files a properly signed certificate of inmate trust account, within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED** this 5th day of December, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             IRMA CARRILLO RAMIREZ
                                                           UNITED STATES MAGISTRATE JUDGE